GAYANE KHECHOOMIAN (SBN 296673)
201 N. Brand Blvd., Suite 200
Glendale, California 92203-3590
Telephone: (818) 454-0446
Email: gayane.khechoomian@gmail.com

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A-WORLD TRADE, INC.,                )<br>                                                      )<br>               Plaintiff,                )<br>                                                      )<br>        v.                                          )<br>                                                      )<br>APMEX, INC., BAY PRECIOUS       )<br>METALS, INC., BULLION              )<br>EXCHANGE, LLC, BULLION SHARK, )<br>LLC, DBS COINS LP, JM BULLION,   )<br>INC., LIBERTY COIN, LLC,              )<br>MODERNCOINMART, LLC,              )<br>PINEHURST COIN EXCHANGE, INC., )<br>SCOTTSDALE MINT, LLLP, SD         )<br>BULLION, INC., SILVER GOLD BULL, )<br>INC., SILVER TOWNE, INC. and TEXAS)<br>GOLD AND SILVER EXCHANGE, LTD.)<br>                                                      )<br>               Defendants.             )<br>_____)  | Case No. 2:20-cv-1032 |

**COMPLAINT**

Plaintiff A-WORLD TRADE, INC., by and through its undersigned

counsel, KERKONIAN DAJANI LLC, files this Complaint against Defendants

APMEX, INC.; BAY PRECIOUS METALS, INC.; BULLION EXCHANGE, LLC; BULLION SHARK, LLC; DBS COINS LP; JM BULLION, INC.; LIBERTY COIN, LLC; MODERNCOINMART, LLC; PINEHURST COIN EXCHANGE, INC.; SCOTTSDALE MINT, LLLP; SD BULLION, INC.; SILVER GOLD BULL, INC.; SILVER TOWNE, INC.; and TEXAS GOLD AND SILVER EXCHANGE, LTD. (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE CASE

1.     This case arises out of an unlawful, pricing-fixing scheme by and among the named Defendants to foreclose competition in the sale of certain precious metal commodities in the online marketplaces on the eBay platform. Defendants' scheme entailed coordinating and alternating the pricing and selling of such precious metal commodities at anti-competitive prices—prices that were neither market-driven nor intended to generate actual profits on sale.  Defendants sought to mask their anti-competitive conduct from their competitors, like Plaintiff, by doing two things: (a) alternating in selling such precious metal commodities at such anti-competitive prices on eBay to make discovery of their coordinated conduct difficult to uncover and (b) by pricing such precious metal commodities at prices just above the current market "spot" price of the

underlying precious metals to make the prices appear market-driven. Defendants' coordinated price-fixing scheme has damaged Plaintiff by effectively obliterating Plaintiff's sales volumes of such precious metal commodities on the eBay platform, allowing Defendants to obtain an unfair benefit and unfair advantage to the detriment of Plaintiff. As of the filing of this Complaint, Defendants continue their coordinated scheme in the precious metal commodity marketplaces. Plaintiff brings four causes of action against Defendants, alleging: (1) violations of Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. 13(a); (2) violations of the Sherman Antitrust Act, 15 U.S.C. § 1; (3) tortuous interference with business expectancy; and (4) unfair competition.

## PARTIES

2.     Plaintiff is a California corporation with its principal place of business in La Crescenta, California.

3.     Defendant Apmex, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma.

4.     Defendant Bay Precious Metals, Inc. is a Massachusetts corporation with its principal place of business in Bridgewater, Massachusetts.

5.     Defendant Bullion Exchange LLC is a New York limited liability company with its principal place of business in Mineola, New York.

6.     Defendant Bullion Shark LLC is a New York limited liability company with its principal place of business in New York, New York.

7.     Defendant DBS Coins LP is a California limited partnership with its principal place of business in Monarch Beach, California.

8.     Defendant JM Bullion, Inc. is a Texas corporation with its principal place of business in Dallas, Texas.

9.     Defendant Liberty Coin, LLC is a California limited liability company with its principal place of business in Signal Hill, California.

10.    Defendant ModernCoinMart LLC is a Florida limited liability company with its principal place of business in Sarasota, Florida.

11.    Defendant Pinehurst Coin Exchange, Inc. is a North Carolina corporation with its principal place of business in Pinehurst, North Carolina.

12.    Defendant Scottsdale Mint, LLLP is an Arizona limited liability limited partnership with its principal place of business in Scottsdale, Arizona.

13.    Defendant SD Bullion, Inc. is a Michigan corporation with its principal place of business in Ottawa Lake, Michigan.

14.   Defendant Silver Gold Bull Inc. is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

15.   Defendant Silver Towne, Inc. is an Indiana corporation with its principal place of business in Winchester, Indiana.

16.   Defendant Texas Gold and Silver Exchange, Ltd. is a Texas company with its principal place of business in Austin, Texas.

## JURISDICTION AND VENUE

17.   This Court has original jurisdiction in this matter as it involves a federal question under Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a) and under the Sherman Antitrust Act, 15 U.S.C. § 1.

18.   Venue is also proper in this district under 15 U.S.C §§ 15, 22, as one or more of the Defendants transact business in this federal district.

## FACTS

19.   Plaintiff is a seller of precious metal commodities on the eBay online marketplaces and has been selling precious metal commodities in such marketplaces at competitive, market-driven prices since 2006.

20.   Defendants are also sellers of precious metal commodities on the eBay online marketplaces and are engaged in interstate commerce in the United States involving the sale of such precious metal commodities.

21.   The precious metal commodities at issue in this case are identified in Exhibit A, attached hereto (hereinafter, the "PMCs").

22.   The PMCs are actual commodities, the prices of which fluctuate with the change in market "spot" prices of underlying precious metals.  The historic and current market "spot" prices of precious metals are transparent, discoverable and tracked by numerous market resources.

23.   A PMC is generally priced above the current market "spot" price of its underlying metal.  For example, a one-ounce gold bar would be priced above the current market "spot" price of one ounce of gold.

24.   At the very least, this is because there are transaction costs to selling a PMC such as shipping costs, payment processing fees and other expenses for which a seller must account in order to turn a profit on the sale of a PMC.

*The eBay Transaction Fee*

25.   When selling a PMC in a PMC marketplace on the eBay platform, there is another transaction cost which must be considered: eBay transaction fees.

26.   eBay categorizes sellers on its platform by certain tiers.  It charges a seller a certain eBay transaction fee, in an amount corresponding to such seller's eBay tier, when that seller makes a PMC sale in a PMC marketplace on the eBay platform.

27.   The highest seller tier on eBay enjoys the lowest eBay transaction fee—which is 6% of the sale price of the PMC.

28.   Plaintiff has enjoyed this highest seller tier on eBay and, therefore, enjoys the lowest eBay transaction fee available to sellers in the PMC marketplaces on the eBay platform: 6%.

29.   eBay has informed Plaintiff that there are no other seller tiers on the eBay platform enjoying lower eBay transaction fees than the seller tier afforded Plaintiff.

30.   Plaintiff had solid annual revenues from the sale of PMCs in the PMC marketplaces on the eBay platform for a number of years.

31.   However, Plaintiff's annual sales of the PMCs in the eBay marketplace began to decline approximately a decade ago and, despite Plaintiff's continued efforts to price the PMCs competitively, Plaintiff's annual sales of the PMCs have continued to decline.

32.   As of the filing of this Complaint, Plaintiff's sales of PMCs in the PMC marketplaces on the eBay platform are largely trivial.

33.   While Plaintiff has continued to offer PMCs at competitive, market-driven prices in the PMC marketplaces on the eBay platform, Plaintiff has been unable to regain its previous annual sales volumes in such PMCs.

*Defendants' Coordinated Anti-Competitive Pricing Scheme*

34.   In a market-driven environment, the highest-tier seller in the PMC marketplaces on the eBay platform would have to sell PMCs at prices that are, at least, 6% over the spot price of the underlying metal in order just to break even—and that is without even accounting for shipping costs or credit card processing fees.

35.   However, the named Defendants here have been consistently pricing PMCs in the PMC marketplace on the eBay platform at prices which—if taking into consideration the 6% eBay fee alone (let alone any shipping or payment processing fees)—would net Defendants an amount per sale that is invariably less than the corresponding market "spot" price of the underlying metal.

36.   Over extended periods of time, such coordinated and consistent pricing by Defendants cannot be market-driven and cannot be sustainable by

Defendants, unless Defendants have in place an established plan to recoup the 6% eBay transaction fee.

37. In an actual market-driven environment, Defendants would not be able to sustain sales at such anti-competitive prices unless a coordinated scheme is in effect providing for a carefully-orchestrated arrangement among Defendants to alternate their sales of PMCs at the anti-competitive prices and/or recoup the eBay transaction fees.

38. Defendants' coordinated scheme gives Defendants an unfair advantage over, and is to the detriment of, Plaintiff.

39. Defendants sold, and continue to sell, PMCs at such anti-competitive prices, over sustained periods of time, during which such Defendants controlled, and control, substantially all of the market share in the PMC marketplaces on the eBay platform for the sale of such PMCs.

40. In selling PMCs at the anti-competitive prices, Defendants have retained, and are retaining, substantially all of the market share of the sale of PMCs on the eBay platform, reaping an unfair advantage and harming Plaintiff in the process.

41. Upon information and belief, at the same time that the Defendants were selling PMCs at anti-competitive prices in the PMC marketplaces on the

eBay platform, Defendants were also selling PMCs of like grade and quality, on their own websites or on other websites, at materially different, market-driven prices reflecting the actual market "spot" price of each underlying precious metal and additional costs such as shipping, payment processing fees, platform fees and other fees, as applicable.

42.   Defendants have schemed, and continue to scheme, in a coordinated fashion so that one of them is selling a specific PMC in such PMC marketplace on the eBay platform at an anti-competitive price, thereby taking substantially all of the market share in such PMC and preventing Plaintiff from actually competing at market-driven prices.

43.   Defendants have priced and sold, and continue to price and sell, PMCs at such anti-competitive prices, for sustained periods of time, in order to drive Plaintiff and others from the PMC markets on the eBay platform.

44.   By pricing PMCs in the PMC marketplaces on the eBay platform just above the market "spot" price of precious metals, Defendants sought and seek to hide their anti-competitive scheme and manipulation from competitors such as Plaintiff.

45.   By alternating selling PMCs at anti-competitive prices in the PMC marketplaces on the eBay platform, Defendants sought and seek to mask their anti-competitive scheme and manipulation from competitors such as Plaintiff.

46.   Each Defendant has offered for sale, and sold, one or more of the PMCs identified in Exhibit A at anti-competitive prices in a PMC marketplace on the eBay platform as part of Defendants' coordinated scheme.

## COUNT 1

VIOLATION OF THE ROBINSON-PATMAN ACT, 15 U.S.C.A. § 13(a)

*Plaintiff v. All Defendants*

47.   Plaintiff realleges and incorporates paragraphs 1 through 46 of this Complaint as if set forth fully herein.

48.   Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, provides in relevant part that "[i]t shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States . . . and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any

line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them[.]" 15 U.S.C. § 13(a).

49.   At all times relevant hereto, Defendants were engaged in interstate commerce in the United States involving the sale of PMCs.

50.   PMCs are commodities.

51.   At pre-determined sustained periods of time, a Defendant would offer for sale, and sell, a PMC at an anti-competitive price in the PMC marketplace on the eBay platform.

52.   Such Defendant would continue to price and sell the PMC at the anti-competitive price for a sustained period of time, during which time such Defendant would control substantially all of the market share on eBay for the sale of that PMC to the detriment of Plaintiff.

53.   At the same time that such Defendant was selling the PMC at the anti-competitive price in that PMC marketplace on the eBay platform, such Defendant also was selling PMCs of like grade and quality, on its own website or other websites, at a materially different, market-driven price properly reflecting the actual price of each underlying precious metal and expected additional

transaction costs such as shipping, payment processing fees, platform fees and other fees, as applicable.

54.  At some pre-determined point in time, and as part of a coordinated scheme, such Defendant would stop selling the PMC at the anti-competitive price in that PMC marketplace on the eBay platform, sometime after which one of the other Defendants would begin selling that PMC in that PMC marketplace on the eBay platform at the anti-competitive price.

55.  The coordinated scheme would continue, alternating between and among the specific Defendants selling in such PMC marketplaces on the eBay platform.

56.  Each Defendant did, in fact, sell a PMC in a PMC marketplace on the eBay platform at an anti-competitive price as part of the coordinated scheme.

57.  During the time period in which a Defendant was selling PMCs at the anti-competitive price, such Defendant also had a reasonable prospect of recouping its investment in selling such PMCs at the anti-competitive price.

58.  Defendants' coordinated scheme caused, and continues to cause, injury to Plaintiff.

59. Defendants' coordinated scheme constitutes discriminatory, differential pricing that violates Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. 13(a).

60. Plaintiff is entitled to treble damages under Section 4 of the Clayton Act, 15 U.S.C. § 15.

61. Plaintiff is entitled to attorneys' fees under Section 4 of the Clayton Act, 15 U.S.C. § 15.

*Prayer for Relief—Count 1*

**WHEREFORE**, Plaintiff A-WORLD TRADE, INC. respectfully requests that this Honorable Court award Plaintiff judgment in its favor and against Defendants APMEX, INC.; BAY PRECIOUS METALS, INC.; BULLION EXCHANGE, LLC; BULLION SHARK, LLC; DBS COINS LP; JM BULLION, INC.; LIBERTY COIN, LLC; MODERNCOINMART, LLC; PINEHURST COIN EXCHANGE, INC.; SCOTTSDALE MINT, LLLP; SD BULLION, INC.; SILVER GOLD BULL, INC.; SILVER TOWNE, INC.; and TEXAS GOLD AND SILVER EXCHANGE, LTD., jointly and severally, for (a) compensatory damages in an amount to be proven at trial; (b) treble damages pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15; (c) attorneys' fees in an amount to be proven at trial pursuant to Section 4 of the Clayton Act, 15 U.S.C.

§ 15; (d) costs; and (e) any and all other relief which this Honorable Court finds just and proper.

## COUNT 2

VIOLATION OF THE SHERMAN ANTITRUST ACT, 15 U.S.C.A. § 1

*Plaintiff v. All Defendants*

62.   Plaintiff realleges and incorporates paragraphs 1 through 46 of this Complaint as if set forth fully herein.

63.   Section 1 of the Sherman Antitrust Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C.A. § 1.

64.   At all times relevant thereto, one or more Defendants acted in conscious agreement and/or conspiracy relating to the sale of PMCs intended and designed to unreasonably restrain competition in the PMC marketplaces on the eBay platform.

65.   Defendants consciously agreed and conspired to sell PMCs on the eBay platform at the anti-competitive price in a coordinated scheme.

66.   Defendants consciously agreed and conspired such that a Defendant would offer for sale, and sell, a PMC at an anti-competitive price in the PMC

marketplace on the eBay platform for a sustained period of time and then would stop selling that PMC in that PMC marketplace on the eBay platform at the anti-competitive price, sometime after which one of the other Defendants would begin selling such PMC in that PMC marketplace on the eBay platform at the anti-competitive price, indicating an advance understanding among such Defendants as opposed to a coincidental interdependence.

67.  Plaintiff was engaged in the sale of PMCs in PMC marketplaces on the eBay platform at the time of Defendants' violative actions.

68.  The coordinated actions and coordinated scheme of Defendants caused, and continue to cause, substantial injury to Plaintiff.

*Prayer for Relief—Count 2*

**WHEREFORE**, Plaintiff A-WORLD TRADE, INC. respectfully requests that this Honorable Court award Plaintiff judgment in its favor and against Defendants APMEX, INC.; BAY PRECIOUS METALS, INC.; BULLION EXCHANGE, LLC; BULLION SHARK, LLC; DBS COINS LP; JM BULLION, INC.; LIBERTY COIN, LLC; MODERNCOINMART, LLC; PINEHURST COIN EXCHANGE, INC.; SCOTTSDALE MINT, LLLP; SD BULLION, INC.; SILVER GOLD BULL, INC.; SILVER TOWNE, INC.; and TEXAS GOLD AND SILVER EXCHANGE, LTD., jointly and severally, for (a)

compensatory damages in an amount to be proven at trial; (b) treble damages pursuant to Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 15; (c) attorneys' fees in an amount to be proven at trial; (d) costs; and (e) any and all other relief which this Honorable Court finds just and proper.

## COUNT 3

TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

*Plaintiff v. All Defendants*

69.   Plaintiff realleges and incorporates paragraphs 1 through 46 of this Complaint as if set forth fully herein.

70.   By virtue of its history of sales of PMCs in the PMC marketplaces on the eBay platform at market prices, Plaintiff had a legitimate and reasonable business expectation that it would continue to make similar sales of PMCs in the PMC marketplaces on the eBay platform at market-driven prices.

71.   Defendants interfered with Plaintiff's business expectancy by engaging in a scheme whereby one Defendant coordinated and alternated selling PMCs at anti-competitive prices in the PMC marketplace on the eBay platform, while having a plan of recoupment of such investment in such anti-competitive price, thereby taking substantially all of the market share in the sale of such PMCs in that PMC marketplace on the eBay platform.

72.  Defendants surreptitiously attempted to conceal their conduct by selling the PMCs in the PMC marketplace on the eBay platform at the anti-competitive price, priced just above the spot price of each precious metal to hide their anti-competitive conduct from competitors.

73.  Defendants surreptitiously attempted to conceal their conduct by coordinating and alternating their sale of PMCs in the PMC marketplace on the eBay platform at the anti-competitive price to hide their anti-competitive conduct from competitors.

74.  Defendants' coordinated scheme was willful and wanton.

75.  But for Defendants' interference, Plaintiff would have sold PMCs in the PMC marketplaces on the eBay platform at market prices in volumes that would have been the same as or similar to the volumes Plaintiff had sold in previous years.

76.  Plaintiff has been damaged as a direct result of Defendants' conduct.

*Prayer for Relief—Count 3*

**WHEREFORE**, Plaintiff A-WORLD TRADE, INC. respectfully requests that this Honorable Court award Plaintiff judgment in its favor and against Defendants APMEX, INC.; BAY PRECIOUS METALS, INC.; BULLION EXCHANGE, LLC; BULLION SHARK, LLC; DBS COINS LP; JM

BULLION, INC.; LIBERTY COIN, LLC; MODERNCOINMART, LLC; PINEHURST COIN EXCHANGE, INC.; SCOTTSDALE MINT, LLLP; SD BULLION, INC.; SILVER GOLD BULL, INC.; SILVER TOWNE, INC.; and TEXAS GOLD AND SILVER EXCHANGE, LTD., jointly and severally, for (a) compensatory damages in an amount to be proven at trial; (b) punitive damages; (c) attorneys' fees in an amount to be proven at trial; (d) costs; and (e) any and all other relief which this Honorable Court finds just and proper.

## COUNT 4

### UNFAIR COMPETITION,

### Cal. Bus. & Prof. Code Ann. § 17200

### *Plaintiff v. All Defendants*

77.  Plaintiff realleges and incorporates paragraphs 1 through 46 of this Complaint as if set forth fully herein.

78.  The California Business and Professions Code § 17200 prohibits unfair competition, which it defines as including "any unlawful, unfair or fraudulent business act of practice."

79.  By virtue of its history of sales of PMCs in the PMC marketplaces on the eBay platform at market prices, Plaintiff had a legitimate and reasonable

business expectation that it would continue to make similar sales of PMCs in the PMC marketplaces on the eBay platform at market-driven prices.

80. Defendants interfered with Plaintiff's legitimate and reasonable business expectancy by engaging in a coordinated scheme whereby a Defendant sold PMCs at an anti-competitive price in the PMC marketplace on the eBay platform, while having a plan of recoupment of such investment in such anti-competitive price, thereby taking substantially all of the market share in such PMCs in that PMC marketplace on the eBay platform.

81. But for Defendants' interference, Plaintiff would have sold PMCs in the PMC marketplaces on the eBay platform at market prices in volumes that Plaintiff had sold such PMCs in previous years.

82. Plaintiff was engaged in the sale of PMCs in the PMC marketplaces on the eBay platform at the time of Defendants' violative actions.

83. As a result of Defendants' unfair business practices, Plaintiff did not sell PMCs in the PMC marketplaces on the eBay platform in volumes that it had sold in previous years.

84. The coordinated scheme of Defendants caused, and continues to cause, Plaintiff to suffer damages.

85. Plaintiff has been damaged as a direct result of Defendants' coordinated scheme.

*Prayer for Relief—Count 4*

**WHEREFORE**, Plaintiff A-WORLD TRADE, INC. respectfully requests that this Honorable Court award Plaintiff relief in its favor and against Defendants APMEX, INC.; BAY PRECIOUS METALS, INC.; BULLION EXCHANGE, LLC; BULLION SHARK, LLC; DBS COINS LP; JM BULLION, INC.; LIBERTY COIN, LLC; MODERNCOINMART, LLC; PINEHURST COIN EXCHANGE, INC.; SCOTTSDALE MINT, LLLP; SD BULLION, INC.; SILVER GOLD BULL, INC.; SILVER TOWNE, INC.; and TEXAS GOLD AND SILVER EXCHANGE, LTD., jointly and severally, and (a) enjoin Defendants and order them to cease and desist from selling the PMCs at anti-competitive prices, (b) enjoin Defendants and order them to cease and desist Defendants from engaging in unfair competitive methods, (c) enjoin Defendants and order them to cease and desist from consorting with other companies in the eBay market; (d) award Plaintiff any and all monetary relief as permitted under the statute and proven at trial, including attorneys' fees, penalties and/or costs as permitted; and (e) award Plaintiff any and all other relief which this Honorable Court finds just and proper.

January 31, 2020

Respectfully Submitted,

A-WORLD TRADE INC.

*/s/ Gayane Khechoomian*

GAYANE KHECHOOMIAN
(SBN 296673)
201 N. Brand Blvd., Suite 200
Glendale, California 92203-3590
Telephone: (818) 454-0446
Email: gayane.khechoomian@gmail.com


KARNIG KERKONIAN
*(motion to appear pro hac vice forthcoming)*
ELIZABETH AL-DAJANI
*(motion to appear pro hac vice forthcoming)*
**KERKONIAN DAJANI LLC**
1555 Sherman Avenue, Suite 344
Evanston, Illinois 60201
Telephone: (312) 416-6180
Facsimile: (312) 604-7815
Email: kkerkonian@kerkoniandajani.com
Email: ealdajani@kerkoniandajani.com

*Attorneys for Plaintiffs*

COMPLAINT - 22